UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-06-SEB-VTW -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARRYL ANTHONY WORTHEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00006-SEB-VTW |
| | ) | |
| DARRYL ANTHONY WORTHEN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Darryl Anthony Worthen seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons explained below, Mr. Worthen's motion is **denied**.

**I. Background**

In 2015, Mr. Worthen pled guilty to one count of robbery affecting commerce, in violation of 18 U.S.C. §§ 1951(a) and 2 (count 1), and one count of use of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(j)(l) and 2 (count 3). Dkts. 49, 84. Mr. Worthen and two others robbed and killed the owner of a gun store in southern Indiana. *United States v. Worthen*, No. 15-3521 (7th Cir. 2015). Mr. Worthen, who was friendly with the

---

[1] Mr. Worthen also refers to the possibility of release to home confinement. Dkt. 252 at 2. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Mr. Worthen's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Worthen's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

victim through his job as a delivery person to the victim's store, shot the victim in the face while conversing with him. They then stole 45 firearms from the store. The Court sentenced Mr. Worthen to 120 months of imprisonment on count 1 and 600 months of imprisonment on count 3, to run consecutively. Dkt. 84. The Court also imposed a two-year term of supervised release.

Mr. Worthen initially filed his motion for compassionate release pro se. Dkt. 215. The Court appointed counsel, dkt. 220, but counsel withdrew before filing any substantive submissions on behalf of Mr. Worthen, dkts. 249, 250. The Court ordered Mr. Worthen to file a supplement to his motion pro se, and Mr. Worthen complied. Dkt. 252. In his submissions, Mr. Worthen argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) his sentence was too long when it was imposed; (2) due to changes to by the First Step Act, if he were sentenced today, he would likely receive a shorter sentence; (3) his age at the time he committed his crime should have resulted in a shorter sentence; and (4) he has substantially rehabilitated himself while in prison.[2] Dkts. 215, 252. The United States filed a brief in opposition, dkt. 263, and Mr. Worthen filed a pro se reply, dkt. 284. Thus, the motion is now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what

---

[2] Mr. Worthen also briefly refers to the COVID-19 pandemic in general. Dkt. 215 at 3. The Court does not construe Mr. Worthen to be raising his risk of severe illness should he contract COVID-19 as a separate extraordinary and compelling reason for release. Even if he did intend to raise such an argument, it would be unpersuasive as Mr. Worthen has provided no evidence that he is unable to receive or benefit from a COVID-19 vaccine. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release").

constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Worthen's argument about the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today is without merit. As recently summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up). Similarly, Mr. Worthen's contention that the length of his sentence in general is an extraordinary and compelling reason for a sentence reduction is also foreclosed by Seventh Circuit precedent. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("§ 3582(c)(1) does not treat a long but lawful sentence as itself an extraordinary or compelling reason for a lower sentence"); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release").

Mr. Worthen's argument about his young age at the time he committed his crimes is also unavailing. Unfortunately, many defendants commit serious crimes at young ages and are sentenced to lengthy sentences. The fact that Mr. Worthen was relatively young when he was sentenced is not an extraordinary and compelling warranting relief under § 3582(c)(1)(A), whether alone or in

4

combination with any other factors. *United States v. Taylor*, No. 1:08-39, 2021 WL 3164528, at *3 (S.D. Ind. July 27, 2021).

That leaves Mr. Worthen with one potentially extraordinary and compelling reason for release—his rehabilitation. While the strides Mr. Worthen has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his mandatory minimum sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme."). The Court does not find that Mr. Worthen's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

Given the determination that Mr. Worthen has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Worthen's motion for compassionate release, dkt. [215], is **denied.**

    **IT IS SO ORDERED.**

Date: _____8/25/2022_____

                                _Sarah Evans Barker_
                                SARAH EVANS BARKER, JUDGE
                                United States District Court
                                Southern District of Indiana

Distribution:

Darryl Anthony Worthen
Reg. No. 12659-028
Terre Haute USP
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel