UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-06-SEB-VTW -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARRYL ANTHONY WORTHEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15-cr-00006-SEB-VTW |
| DARRYL ANTHONY WORTHEN, | ) -01 |
| Defendant. | ) ) ) |

## ORDER

Defendant Darryl Anthony Worthen seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] Dkt. 294. For the reasons explained below, Mr. Worthen's motion is **denied**.

**I. Background**

In 2015, Mr. Worthen pled guilty to one count of robbery affecting commerce, in violation of 18 U.S.C. §§ 1951(a) and 2 (count 1), and one count of use of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(j)(l) and 2 (count 3). Dkts. 49, 84. Mr. Worthen and two others robbed and killed the owner of a gun store in southern Indiana. Dkt. 115, *United States v. Worthen* (7th Cir. 2016). Mr. Worthen, who was friendly with the victim through his job as a delivery person to the victim's store, shot the victim in the face while conversing with

---

[1] Mr. Worthen also refers to the possibility of release to home confinement. Dkt. 294 at 1. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Worthen's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Worthen's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

him. Mr. Worthen and the two other men then stole 45 firearms from the store. The Court sentenced Mr. Worthen to 120 months of imprisonment on count 1 and 600 months of imprisonment on count 3, to run consecutively. Dkt. 84. The Court also imposed a two-year term of supervised release.

Mr. Worthen's initial motion for compassionate release, dkt. 215, was denied by the Court in August 2022, dkt. 287. He filed an appeal of the Court's order, dkt. 288, but then subsequently withdrew that appeal, dkt. 293. Immediately thereafter, Mr. Worthen filed the instant motion for compassionate release. Dkt. 294. In his submission, Mr. Worthen argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (mental illness, long COVID). He argues that the BOP's mishandling of the pandemic and the new threat of monkeypox also establish extraordinary and compelling reasons for release. Mr. Worthen next argues that his desire to help care for his aging grandparents is an extraordinary and compelling reason for compassionate release. Finally, Mr. Worthen argues that his rehabilitation establishes an extraordinary and compelling reason for release.[2] The Court has concluded that it can resolve the motion without a response from the United States.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C.

---

[2] Mr. Worthen briefly mentions the arguments from his prior motion. Dkt. 294 at 9. The Court does not understand him to be re-raising those arguments, as he voluntarily withdrew his appeal of the Court's order denying relief on those bases. Regardless, to the extent Mr. Worthen did intend to re-raise any of the extraordinary and compelling reasons for release that he raised in his prior motion for compassionate release, dkt. 215, the Court has already rejected those arguments, dkt. 287. Nothing in his instant motion changes the Court's conclusion regarding his previous potentially extraordinary and compelling reasons for release.

§ 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Worthen's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Worthen is fully vaccinated, dkt. 294 at 2, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Worthen "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). For these reasons, the Court declines to exercise its discretion to find that Mr. Worthen has carried his burden to show that the risk

he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or with any other reason. *Barbee*, 25 F.4th at 533.

Mr. Worthen next argues that the BOP has mishandled the pandemic. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. Worthen's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up); *United States v. Montez*, No. 22-1988, 2023 WL 3431239, at *2 (7th Cir. May 12, 2023) (medical issue can be addressed through vehicles other than compassionate release) (cleaned up).

Mr. Worthen also relies on the alleged rise of monkeypox cases in the country as an extraordinary and compelling reason for his release. Mr. Worthen has put forth no evidence to suggest that there any cases of monkeypox in his facility, let alone that the number of cases is significant or that he is at particularized risk of a bad outcome if he contracts monkeypox. *See United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument regarding conditions). Thus, the Court declines to exercise its discretion to find that his risk from monkeypox is an extraordinary and compelling reason to grant him release, whether considered alone or together with any other reason.

Mr. Worthen next argues that his desire to help care for his ailing grandparents is an extraordinary and compelling reasons to grant him compassionate release. While the Court is sympathetic to the medical conditions of Mr. Worthen's grandparents and Mr. Worthen's desire to help care for them, the Court declines to exercise its discretion to find that that these circumstances present an extraordinary and compelling reason to grant him release, whether considered alone or

together with any other reason. Mr. Worthen has not provided any evidence that he is the only possible caregiver for his grandparents. In fact, his submission indicates that there are other possible caregivers available, but they are "unwilling." Dkt. 294 at 16. Even if he had provided such evidence, many inmates have sick or aging family members whom they might like to support. The desire to care for an elderly or ill family, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

That leaves Mr. Worthen with one potentially extraordinary and compelling reason for release—his rehabilitation. While the strides Mr. Worthen has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his mandatory minimum sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme."). The Court does not find that Mr. Worthen's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Worthen establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason.

Given the determination that Mr. Worthen has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Worthen's motion for compassionate release, dkt. [294], is **denied.**

**IT IS SO ORDERED.**

Date: _____8/4/2023_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Darryl Anthony Worthen
Reg. No. 12659-028
Terre Haute USP
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel