UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-00006-SEB-VTW-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARRYL WORTHEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-cr-00006-SEB-VTW |
| ) | |
| DARRYL WORTHEN, ) -1 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Darryl Worthen has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 306. For the reasons explained below, his motion is **DENIED**.

### I.     Background

In 2015, Mr. Worthen pled guilty to one count of robbery affecting commerce, in violation of 18 U.S.C. §§ 1951(a) and (2) (count 1), and one count of use of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(j)(l) and (2) (count 3). Dkts. 49, 84. Mr. Worthen and two others robbed and killed the owner of a gun store in southern Indiana. *United States v. Worthen*, 842 F.3d 552, 553 (7th Cir. 2016). Mr. Worthen, who was friendly with the victim through his job as a delivery person to the victim's store, shot the victim in the face while conversing with him. *Id.* They then stole 45 firearms from the store. *Id.* The Court sentenced Mr. Worthen to 120 months of imprisonment on count 1 and 600 months of imprisonment on count 3, running consecutively. Dkt. 84. The Court also imposed a two-year term of supervised release. *Id.* The Bureau of Prisons ("BOP") currently reports that Mr. Worthen's

2

anticipated release date (with good-conduct time included) is November 7, 2064. https://www.bop.gov/inmateloc/ (last visited February 29, 2024).

Mr. Worthen has filed a motion for compassionate release *pro se*. Dkt. 306. Mr. Worthen argues that he establishes extraordinary and compelling reasons for compassionate release because (1) a change in the law has created a disparity between the sentence he received and the sentence he would receive today; and (2) he wishes to be at home to provide care for his ailing grandparents. Dkt. 306 at 18–20. The Court has concluded that it can resolve the motion without a response from the United States.

## II.  Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Worthen contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited February 29, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). Even if the Commission was within its authority to adopt § 1B1.13(b)(6), the Court need not, however, reach that question in Mr. Worthen's case for two reasons. First, Mr. Worthen has not yet served 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. Second, Mr. Worthen has pointed to no specific which would produce a different sentence if he were sentenced today. He states merely

5

that there is a disparity between his sentence and the sentences of individuals sentenced after the First Step Act of 2018. Dkt. 306 at 19. Alleged sentencing disparities attributable to no particular statutory change or judicial opinion are not a "change in the law" contemplated by the sentencing guidelines. For these reasons, the Court finds that Mr. Worthen has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Mr. Worthen next argues that his grandparents suffer from serious medical issues which render them in need of a full-time caregiver. Dkt. 306 at 18–19. He states that other family members are unable to provide care because of work and childcare duties. *Id.* The Court will assume without deciding that Mr. Worthen has established that his desire to be home to provide care for his grandparents is an extraordinary and compelling reason for compassionate release.

The Court nevertheless finds that Mr. Worthen is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] His efforts to maintain employment as a medical orderly while incarcerated, dkt. 306-1 at 61, as well as his extensive participation in BOP programming, *id.* at 306-1 at 62–63, are commendable. However, the seriousness of his conduct cannot be understated. As the Court stated at sentencing, his crime was a "monstrous act." Dkt. 95 at 56. Further, Mr. Worthen is not currently scheduled to be released for over forty years. The decades long reduction in his sentence that he requests would

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

amount to such a substantial reduction that his sentence would fail to bear any relation to the seriousness of his offense.

Thus, because the early release of Mr. Worthen would not reflect the seriousness of the offense; promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes, the motion must be **DENIED**. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.    Conclusion

For the reasons stated above, Mr. Worthen motion for compassionate release, dkt. [306], is **denied**.

**IT IS SO ORDERED.**

Date:    3/5/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Darryl Worthen
Register Number: 12659-028
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

7