UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00006-SEB-VTW |
| | ) | |
| DARRYL ANTHONY WORTHEN, | ) -01 | |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00006-SEB-VTW |
| | ) | |
| DARRYL ANTHONY WORTHEN, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Darryl Anthony Worthen has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 322. For the reasons explained below, Mr. Worthen's motion for compassionate release is **denied**.

On April 22, 2025, the Court stayed the proceedings in this matter due to other litigation involving U.S.S.G. § 1B1.13(b)(6). Dkt. 325. In light of the Supreme Court decision in *Rutherford v. United States*, 608 U.S. 454 (2026), the motion is ripe for resolution.

Mr. Worthen has had four previous motions for compassionate release denied. *See* dkts. 213, 287, 298, and 308. The Court incorporates by reference its analysis in the March 5, 2024, Order denying compassionate release. Dkt. 308. In two of these denials, dkts. 298 and 308, the Court has addressed Mr. Worthen's claim that he is the only available caregiver for his grandparents and that qualifies as an extraordinary and compelling reason for compassionate release. While the Court sympathized with Mr. Worthen now that his grandfather has passed, he has not provided any new information that would alter the Court's conclusion. Therefore, his grandmother's health is not an extraordinary and compelling reason for compassionate release.

Mr. Worthen next claims that there is a disparity in his sentencing and this qualifies as an extraordinary and compelling reason for compassionate release. The Court denies this claim for reasons previously stated. *See* dkt. 308 at 4-6. In part, Mr. Worthen again points to no change in statutory law that would have affected his 720-month sentence. Further, since the Court's previous denial, the Supreme Court has explicitly rejected this type of claim. In enacting § 401 of the First Step Act, Congress explicitly provided that the new, shorter mandatory minimum sentences did not apply retroactively. A nonretroactive change to a sentencing scheme cannot be an "extraordinary and compelling" reason to reduce a sentence for purposes of § 3582(c)(1)(A)(i). *See Rutherford v. United States*, 608 U.S. 454, 465 (2026) ("When Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Insofar as the Commission's amended policy statement maintains otherwise [in U.S.S.G. § 1B1.13(b)(6)], it conflicts with the statute"). Therefore, Mr. Worthen is not entitled to relief on this basis.

Next, Mr. Worthen cites his rehabilitative efforts while incarcerated as an extraordinary and compelling reason for compassionate release. While the court commends Mr. Worthen for making efforts toward rehabilitation, by statute, rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t).

Even if the Court were to conclude that Mr. Worthen had demonstrated an extraordinary and compelling reason for compassionate release, it would still deny his motion because the factors listed in 18 U.S.C. 3553(a) do not weigh in his favor. The Court refers to its previous denial of Mr. Worthen's motion for compassionate release for the weighing of these factors. *See* dkt. 308 at 6-7.

For the reasons stated above, Darryl Anthony Worthen's motion for compassionate release, dkt. [322], is **denied**.

**IT IS SO ORDERED.**

Date: 11/16/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Darryl Anthony Worthen, IV
Reg. No. 12659-028
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel